UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>v.                                                             )<br>)<br>YARLIN GARCIA,                                 )<br>)<br>            DEFENDANTS     ) | CRIM. NO. 2:17-CR-100-DBH-01 |

ORDER ON MOTION FOR COMPASSIONATE RELEASE

On July 29, 2019, I sentenced Yarlin Garcia to 87 months in federal prison for drug trafficking. Judgment (ECF No. 161). He is currently incarcerated at FCI Fort Dix. His appeal to the First Circuit Court of Appeals is pending. United States v. Garcia, No. 19-1816 (1st Cir. appeal docketed Aug. 21, 2019) (case submitted on briefs Nov. 12, 2020).

Garcia has moved for compassionate release under 18 U.S.C. § 3582 (ECF No. 199). A federal judge can reduce a sentence under 18 U.S.C. § 3582(c)(1)(A) under certain circumstances. First, the prisoner must make the request to the Warden of the prison where he is housed, and thirty days must pass. 18 U.S.C. § 3582(c)(1)(A). Second, the prisoner must show "extraordinary and compelling reasons." Id. § 3582(c)(1)(A)(i). Third, the judge must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable as well as applicable Sentencing Commission policy statements. Id. § 3582(c)(1)(A).

Here, Garcia has not shown me that thirty days have passed after making a request to the Warden.[1] And the "extraordinary and compelling reasons" to which he refers are the conditions that all prisoners confront in this time of pandemic, not particular medical conditions of his own that increase his vulnerability.

At this time, I **DENY** Garcia's motion **WITHOUT PREJUDICE** for failure to exhaust administrative remedies, *i.e.*, the failure to make the request to the Warden.

**SO ORDERED.**

**DATED THIS 2ND DAY OF DECEMBER, 2020**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] I reject his argument that he need not make such a request because the application form FCI Fort Dix has issued is "incorrect." Mot. at 6-7. As for his citation of United States v. Goston, No. 15-20694, 2020 WL 5993235 (E.D. Mich. Oct. 9, 2020), the judge there declined to rule on whether the form justified bypassing the mandatory request to the Warden because there, like here, the defendant had not demonstrated extraordinary and compelling reasons in his own medical records.

2