UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>YARLIN GARCIA, )<br>)<br>Defendant. )<br>)<br>)<br>) | 2:17-cr-00100-JDL-1 |

**ORDER ON DEFENDANT'S MOTION FOR CLARIFICATION REGARDING IMPOSITION OF SENTENCE**

Yarlin Garcia, proceeding pro se, seeks clarification (ECF No. 206) of his sentence imposed on July 29, 2019, under 21 U.S.C.A. § 841(b)(1)(B) (West 2019) following his guilty plea[1] for possession with intent to distribute 100 grams or more of a mixture or substance containing heroin, a mixture or substance containing fentanyl, and a mixture or substance containing cocaine hydrochloride, in violation of 21 U.S.C.A. § 841(a)(1) (ECF Nos. 34 (superseding indictment) and 161 (judgment)). Specifically, Garcia asks the court to clarify that he was not sentenced as "an organizer, leader, manager, or supervisor of others" as contemplated by 18 U.S.C.A. § 3632(d)(4)(D)(lxv), (lxviii) (West 2023). Garcia contends that the requested clarification, if granted, would make him eligible for earned-time credits toward

---

[1] Garcia entered a conditional guilty plea that expressly reserved his right to appeal "this Court's decision . . . denying the Motion to Suppress (ECF No. 63, 65)." ECF No. 125. Garcia appealed to the First Circuit (ECF No. 178), which affirmed this court's judgment (ECF Nos. 200 and 201). The Supreme Court denied Garcia's petition for writ of certiorari. *Garcia v. United States*, 142 S.Ct. 367 (mem.) (2021).

1

prerelease custody for having participated in recidivism reduction programs or other productive activities while incarcerated. *See* 18 U.S.C.A. § 3632(d)(4)(C) (entitled "Application of time credits toward prerelease custody or supervised release").

I do not reach the merits of Garcia's motion because the clarification he seeks is not ripe for judicial review. An inmate contesting "any aspect of his/her own confinement" must exhaust administrative remedies before seeking judicial relief. 28 C.F.R. § 542.10(a) (West 2023). *See Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999) ("Once administrative remedies are exhausted, prisoners may then seek judicial review of any jail-time credit determination" by filing a habeas petition. (citing 28 C.F.R. §§ 542.10-542.16 (codifying the Federal Bureau of Prisons' multi-level Administrative Remedy Program))). Garcia acknowledges the need to exhaust administrative remedies but neither argues that he has done so nor offers evidence supporting that conclusion. Because there is no basis to find that Garcia pursued, let alone exhausted, his administrative remedies to resolve an issue with implications on his eligibility for earned-time credits, his request for judicial review is premature.

Accordingly, the Defendant's Motion for Clarification (ECF No. 206) is **DENIED** without prejudice.

**SO ORDERED.**

**Dated this 26th day of September, 2023.**

                                                    /s/ Jon D. Levy
                                           **U.S. DISTRICT JUDGE**